UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| NANCY PAMELA SMITH | C/A # 3:10-2157-CMC |
| Plaintiff(s), | **COMPLAINT** |
| vs. | |
| | (Jury Trial Demanded) |
| WORLD FINANCIAL NETWORK NATIONAL BANK | |
| Defendant(s). | |

Plaintiff, complaining of the Defendant above-named, would show this Court as follows:

### JURISDICTION

1. The State of Residence of Plaintiff is the State of South Carolina.

2. Upon information and belief, the Defendants are corporations organized under the laws of a State other than South Carolina which transact business in the State of South Carolina.

3. This Court has jurisdiction over the parties and subject matter of this action under 28 U.S.C. §§ 1331 and 1337.

### FACTUAL ALLEGATIONS

4. In or around August of 2009, Plaintiff began receiving telephone calls from Defendant and/or its agents concerning a debt allegedly owed by "Robin Sumter."

5. Plaintiff advised Defendant that she was not Robin Sumter and did not know a Robin Sumter, and further that the Defendant had the wrong telephone number, given that the telephone number on which Defendant called Plaintiff had been in Plaintiff's family, unchanged, for approximately 48 years.

6. Despite Plaintiff's specific advice, Defendant did not stop contacting her, but repeatedly called Plaintiff's number, sometimes multiple times in one day, in an attempt to collect the debt allegedly owed by Robin Sumter.  Often, Defendant's agents simply hung up on Plaintiff when she answered and advised that she was not Robin Sumter; in most instances, the collectors were rude or ambiguous concerning the purposes of their call.

7. After continuing to get telephone calls on a daily or nearly daily basis for several months, in or around December of 2009 Plaintiff sent, by certified mail, a cease and desist letter in which she advised, once again, that she was not Robin Sumter and owed no debt to Defendant.

8. Despite Defendant's receipt of this letter on January 11, 2010, the calls did not cease, but appeared to increase in volume.

9. Thereafter, Plaintiff filed administrative complaints against Defendant with the Federal Trade Commission, and the Attorney General's offices of four states; these complaints were forwarded to the Office of the Comptroller of the Currency.

10. In or around February of 2010, Defendant finally acknowledged its error and promised to remove Plaintiff's number from its system.

11. Despite the foregoing, however, the calls resumed on March 18, 2010. When Plaintiff advised one of Defendant's agents about Defendant's promise to correct its mistake, the agent advised that he "didn't care who [Plaintiff] had a letter from" and that he would continue to call.

12. Plaintiff thereafter contacted Defendant again, and again Defendant promised to cease contacts. Plaintiff made an additional complaint to the Office of the Comptroller of the Currency, and on or about April 5, 2010 received, for the third time, a promise from Defendant that the matter had been taken care of.

13. Since receiving the April 5, 2010 letter, however, Plaintiff has received numerous telephone calls from Defendant.

14. In the course of these calls, Defendant's employees and agents made multiple false and unlawful statements in the course of attempting to collect a debt, including but not limited to identifying themselves as "Agent" in an effort to appear associated with a law enforcement authorities and giving the false impression that a pending ""legal matter" existed.

### FOR A FIRST CAUSE OF ACTION

### (Violation of FDCPA)

15. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent herewith.

16. The the transaction at issue is a consumer transaction and the Defendant herein acted as debt collector at all times relevant hereto.

17. The Defendant regularly attempt(s) to collect debts alleged to be due

another.

18. Plaintiff previously sent a letter to Defendants advising in writing that Plaintiff did not owe the account(s) attributed to Plaintiff by Defendant.

19. Nevertheless, Defendant thereafter repeatedly demanded payment of the account(s) without providing validation.

20. Defendant additionally violated the Act by repeated contact to Plaintiff without providing validation.

21. Defendant violated the Fair Debt Collection Practices Act by falsely representing the character, amount, and legal status of the aforementioned debt.

22. Plaintiff should be granted judgment against Defendant for actual damages as well as such penalties and attorney fees as are authorized by statute, and such other relief as is just and proper.

## FOR A SECOND CAUSE OF ACTION

### (Unconscionable Conduct; S.C. Code 37-5-108)

23. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with the allegations of this cause of action.

24. The alleged transaction set forth above is a consumer transaction.

25. Upon information and belief, the Defendant engaged in unconscionable conduct in the following particulars and such others to be proven at trial:

    a. communicated with the consumer and/or the consumer's family at frequent intervals;

b. communicated with the consumer and/or the consumer's family at unusual hours;

c. causing a telephone to ring repeatedly during a twenty-four hour period or engaged in telephone conversations with intent to annoy, abuse, and harass;

d. communicating at time or place otherwise known or which should be known to be inconvenient to the consumer;

e. using fraudulent, deceptive, or misleading representations, including representations about the character, amount, or legal status of a debt;

f. intentionally seeking to simulate legal process or affiliation with law enforcement agencies.

26. Judgment should be granted to Plaintiff for actual damages as well as such penalties and attorney fees as are authorized by statute, and such other relief as is just and proper.

## FOR A THIRD CAUSE OF ACTION

### (Unfair Trade Practices)

27. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

28. The activities of the Defendant constitute "trade or commerce" as defined by South Carolina Code Section 39-5-10, et.seq., (as amended).

29. The actions of the Defendant, above-described, constitute unfair and deceptive acts and practices in the conduct of trade and commerce, as prohibited by the South Carolina Unfair Trade Practices Act, 39-5-10 et.seq., and are willful violations thereof.

30. The actions of the Defendant have a real and substantial potential for repetition and affect the public interest.

31. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of the Defendant, entitling Plaintiff to recover actual damages in an amount to be proven at trial, treble said actual damages, and an award of attorney's fees and costs.

## FOR A FOURTH CAUSE OF ACTION

### (Violations of TCPA and TSR)

32. The allegations contained hereinabove are repeated as if fully alleged herein verbatim, to the extent not inconsistent with this cause of action.

33. Defendant's telephonic activities are governed, in part, by the Telephone Consumer Protection Act, 47 USC 227; 47 CFR 64.1200, as well as the Telemarketing and Consumer Fraud Abuse Prevention Act, also called the Telephone Sales Rules (TSR) 15 USC 6101-6108; 16 CFR 310.

34. Plaintiff was, prior to the events described hereinabove, registered on the national "Do Not Call" list(s).

35. Defendant had no prior relationship with Plaintiff, nor any permissible purpose in contacting Plaintiff.

36. Nevertheless, Defendant continued to contact Plaintiff by telephone in the manner set forth hereinabove in an effort to solicit money, despite express, actual notice that Plaintiff was not to be contacted.

37. Additionally, Defendant continually placed calls to Plaintiff's residence using a pre-recorded message, without any permissible purpose, in violation of 47

CFR 64.1200 (2).

38. Plaintiff is informed and believes that Defendant committed the above violations in excess of 200 times, and that said violations were willful.

39. Plaintiff is informed and believes that she is entitled to recover $1,500.00 per violation, plus such other damages, penalties, attorney's fees and costs as may be allowed by law.

40. Plaintiff is further entitled to, and does request, injunctive relief requiring Defendant to cease and desist any further calling activity, and to award a penalty in the amount of $1,500.00 per such violation, plus fees, costs, and such other relief as is just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, the prayer of the Plaintiff is for judgment in an amount sufficient to compensate Plaintiff for actual damages, together with punitive damages, statutory damages in excess of $300,000.00, such interest as is allowable by law, costs, attorney's fees, injunctive relief as is set forth above, and such other relief as is just and proper.

TROTTER & MAXFIELD, ATTORNEYS

By:    s/ Dave Maxfield
       Dave Maxfield, Esquire
       1701 Richland Street
       Columbia, South Carolina
       (803) 799-6000

DATED:  August 17, 2010